CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Larry Singer**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **International Coffee & Tea, LLC**, a Delaware Limited Liability Company; and Does 1-10, | |
| Defendants. | |

Plaintiff Larry Singer complains of International Coffee & Tea, LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. He is a quadriplegic. He uses a wheelchair for mobility.

2.  Defendant International Coffee & Tea, LLC owned The Coffee Bean & Tea Leaf located at or about 5653 Alton Pkwy, Irvine, California, in January 2020.

3.  Defendant International Coffee & Tea, LLC owns The Coffee Bean &

Complaint

1    Tea Leaf ("Coffee Bean") located at or about 5653 Alton Pkwy, Irvine,

2    California, currently.

3        4.  Plaintiff does not know the true names of Defendants, their business

4    capacities, their ownership connection to the property and business, or their

5    relative responsibilities in causing the access violations herein complained of,

6    and alleges a joint venture and common enterprise by all such Defendants.

7    Plaintiff is informed and believes that each of the Defendants herein,

8    including Does 1 through 10, inclusive, is responsible in some capacity for the

9    events herein alleged, or is a necessary party for obtaining appropriate relief.

10   Plaintiff will seek leave to amend when the true names, capacities,

11   connections, and responsibilities of the Defendants and Does 1 through 10,

12   inclusive, are ascertained.

13

14   **JURISDICTION & VENUE:**

15       5.  The Court has subject matter jurisdiction over the action pursuant to 28

16   U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

17   Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

18       6.  Pursuant to supplemental jurisdiction, an attendant and related cause

19   of action, arising from the same nucleus of operative facts and arising out of

20   the same transactions, is also brought under California's Unruh Civil Rights

21   Act, which act expressly incorporates the Americans with Disabilities Act.

22       7.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

23   founded on the fact that the real property which is the subject of this action is

24   located in this district and that Plaintiff's cause of action arose in this district.

25

26   **FACTUAL ALLEGATIONS:**

27       8.  Plaintiff went to Coffee Bean in January 2020 with the intention to avail

28   himself of its goods, motivated in part to determine if the defendants comply

2

Complaint

1    with the disability access laws.

2    9. Coffee Bean is a facility open to the public, a place of public

3    accommodation, and a business establishment.

4    10. Unfortunately, on the date of the plaintiff's visit, the defendants failed

5    to provide wheelchair accessible point of sale machines in conformance with

6    the ADA Standards as it relates to wheelchair users like the plaintiff.

7    11. On information and belief, the defendants currently fail to provide

8    wheelchair accessible point of sale machines.

9    12. The defendants have a counter that, as built, complies with the ADA

10    Standards for accessible design. However, the defendants did not maintain the

11    sales counters in a manner that is readily accessible to and useable by persons

12    with disabilities.

13    13. Additionally, on the date of the plaintiff's visit, the defendants had a

14    practice of converting a significant portion of the sales counter to a

15    merchandise and display area.

16    14. On information and belief, the defendants currently fail to provide

17    wheelchair accessible sales counters.

18    15. These barriers relate to and impact the plaintiff's disability. Plaintiff

19    personally encountered these barriers.

20    16. As a wheelchair user, the plaintiff benefits from and is entitled to use

21    wheelchair accessible point of sale machines and sales counters. By failing to

22    provide accessible facilities, the defendants denied the plaintiff full and equal

23    access.

24    17. The failure to provide accessible facilities created difficulty and

25    discomfort for the Plaintiff.

26    18. The defendants have failed to maintain in working and useable

27    conditions those features required to provide ready access to persons with

28    disabilities.

Complaint

1   19. The barriers identified above are easily removed without much
2   difficulty or expense. They are the types of barriers identified by the
3   Department of Justice as presumably readily achievable to remove and, in fact,
4   these barriers are readily achievable to remove. Moreover, there are numerous
5   alternative accommodations that could be made to provide a greater level of
6   access if complete removal were not achievable.

7   20. Plaintiff will return to the Coffee Bean to avail himself of its goods and
8   to determine compliance with the disability access laws once it is represented
9   to him that the Coffee Bean and its facilities are accessible. Plaintiff is
10  currently deterred from doing so because of his knowledge of the existing
11  barriers and his uncertainty about the existence of yet other barriers on the
12  site. If the barriers are not removed, the plaintiff will face unlawful and
13  discriminatory barriers again.

14  21. Given the obvious and blatant nature of the barriers and violations
15  alleged herein, the plaintiff alleges, on information and belief, that there are
16  other violations and barriers on the site that relate to his disability. Plaintiff will
17  amend the complaint, to provide proper notice regarding the scope of this
18  lawsuit, once he conducts a site inspection. However, please be on notice that
19  the plaintiff seeks to have all barriers related to his disability remedied. See
20  Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff
21  encounters one barrier at a site, he can sue to have all barriers that relate to his
22  disability removed regardless of whether he personally encountered them).

23

24  **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**
25  **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all
26  Defendants.) (42 U.S.C. section 12101, et seq.)

27  22. Plaintiff re-pleads and incorporates by reference, as if fully set forth
28  again herein, the allegations contained in all prior paragraphs of this

Complaint

1    complaint.

2    23. Under the ADA, it is an act of discrimination to fail to ensure that the

3 privileges, advantages, accommodations, facilities, goods and services of any

4 place of public accommodation is offered on a full and equal basis by anyone

5 who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

6 § 12182(a). Discrimination is defined, inter alia, as follows:

       a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

       b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

       c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

24    24. When a business provides facilities such as point of sale machines, it must provide accessible point of sale machines.

26    25. Here, accessible point of sale machines have not been provided.

27    26. When a business provides facilities such as sales or transaction counters, it must provide accessible sales or transaction counters.

Complaint

27. Here, accessible sales or transaction counters have not been provided.

28. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

29. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

30. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

32. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

33. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

34. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each

Complaint

1   responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-
2   (c).)
3
4       **PRAYER**:
5       Wherefore, Plaintiff prays that this Court award damages and provide
6   relief as follows:
7       1. For injunctive relief, compelling Defendants to comply with the
8   Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the
9   plaintiff is not invoking section 55 of the California Civil Code and is not
10  seeking injunctive relief under the Disabled Persons Act at all.
11      2. Damages under the Unruh Civil Rights Act, which provides for actual
12  damages and a statutory minimum of $4,000 for each offense.
13      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant
14  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.
15
16  Dated: February 7, 2020          CENTER FOR DISABILITY ACCESS
17
18                          By:  _____
19
20                               Russell Handy, Esq.
                                 Attorney for plaintiff
21
22
23
24
25
26
27
28

7

Complaint